United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-51711
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEFINA DOMINGUEZ-JUAREZ,

Defendant-

Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:05-CR-115
-----------------------------------------------------------------

Before DeMOSS, STEWART AND PRADO, Circuit Judges.

PER CURIAM:[*]

Josefina Dominguez-Juarez was convicted of aiding and abetting the possession of 1,000

kilograms or more of marijuana with intent to distribute (Count One) and making a building available

for unlawfully storing or distributing a controlled substance (Count Two). She appeals, arguing that

the evidence was not legally sufficient to support the jury's verdict on either count. She notes that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

government agents, who in their undercover capacities loaded marijuana from her residence and into a tractor-trailer, had not seen her before the day they removed the marijuana from her residence and that her name had not been mentioned in any investigative reports that they had read before seeing her. She also contends that the evidence established only that she was present when the marijuana was removed from her residence, that she asked why the tractor-trailer had not been pulled closer to her residence, and that she asked that the tractor-trailer be loaded faster because they were drawing too much attention. She asserts that her mere presence, even with knowledge that a crime was being committed, was insufficient to support her convictions, that any involvement by her lasted no more than one minute, and that her statements were consistent with an innocent person who wanted drug smugglers to leave as soon as possible because they were attracting attention. Dominguez-Juarez properly preserved these issues by moving for a judgment of acquittal at the close of the Government's case and at the close of all evidence. Therefore, this court reviews her convictions to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offenses beyond a reasonable doubt. *See United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998). To support Dominguez-Juarez's aiding and abetting conviction, the Government had to establish that she aided and abetted both possession of the marijuana and the intent to distribute it. *See United States v. Delagarza-Villarreal*, 141 F.3d 133, 140 (5th Cir. 1997). That is, the Government had to establish that she "became associated with, participated in, and in some way acted to further the possession and distribution of drugs." *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001). Dominguez-Juarez must have shared in the intent to commit the offense, and she must have played an active role in its commission. *See* id.

The testimony established that Dominguez-Juarez owned and had dominion and control over the premises where the marijuana was stored. Therefore, the jury reasonably could have found that she aided in the possession of the marijuana or constructively possessed it. *See United States v. Onick*, 889 F.2d 1425, 1429 (5th Cir. 1989).

The jury reasonably could have concluded that Dominguez-Juarez had knowledge that marijuana was being stored in her residence because a co-defendant informed an undercover government agent that Dominguez-Juarez had been paid to store marijuana. Finally, the jury could infer an intent to distribute because of the large amount of marijuana involved. *See United States v. Lopez*, 979 F.2d 1024, 1031 (5th Cir. 1992).

The evidence also established that Dominguez-Juarez asked why the tractor-trailer had not been pulled further toward the back of her residence and ordered the men loading the tractor-trailer to move faster because they were drawing suspicion and needed to leave. Based on these statements and the fact that Dominguez-Juarez was paid to store marijuana, the jury reasonably could have determined that Dominguez-Juarez "knew that a drug transaction was occurring, that she associated herself with the actors involved in the transaction, that she participated in the venture with the desire that the venture succeed, and that she perform[ed] some designed or intended action to achieve the goal of the crime." *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995). Accordingly, the evidence was sufficient to support the aiding and abetting conviction. *See Ortega Reyna*, 148 F.3d at 543.

To convict Dominguez-Juarez for maintaining a place to manufacture, distribute, or use drugs, the jury had to find that she "manage[d] or control[led] any place, whether permanently or temporarily, . . . as an owner . . . [or] occupant, . . . and knowingly and intentionally rent[ed],

-3-

lease[d], profit[ed] from, or [made] available for use, with or without compensation, the place for the purpose of unlawfully . . . storing[ or] distributing . . . a controlled substance." 21 U.S.C. § 856(a)(2) (2003); *see Onick*, 889 F.2d at 1431 n.1 (citing § 856(a)(2) (1986)).

The evidence established that Dominguez-Juarez owned and exercised dominion and control over the apartment where the marijuana was stored. Further, a co-defendant told an undercover government agent that Dominguez-Juarez was paid to store marijuana. Accordingly, there was sufficient evidence to support Dominguez-Juarez's conviction of making a building available for unlawfully storing or distributing a controlled substance. *See Ortega Reyna*, 148 F.3d at 543.

AFFIRMED.